Appellee, Debra Kinkade, and appellant, Terence Tabaczynski, previously married, were divorced on December 18, 1995. One child was born as issue of said marriage.
On December 31, 1997, appellee filed a small claims complaint against appellant to recover expenses for a broken zipper, an air conditioner, certain furniture and hospital services. Appellee sought payment in the amount of $964.63.
A hearing before a magistrate was held on June 17, 1998. By decision filed June 19, 1998, the magistrate found in favor of appellee in the amount of $727.15, plus interest.
On July 7, 1998, appellant filed objections to the magistrate's decision. The trial court denied the objections. By judgment entry filed August 27, 1998, the trial court approved and adopted the magistrates' decision.
Appellant filed an appeal and this matter is now before this court for consideration.
Although appellant failed to assign specific assignments of error as required by App. R. 16, we find the arguments in his brief challenge the trial court's decision as being against the manifest weight of the evidence.
The magistrate's decision was filed on June 19, 1998. Appellant filed his objections on July 7, 1998. In its August 19, 1998 judgment entry wherein the trial court denied the objections, the trial court noted the objections were not timely filed. Civ.R. 53(E)(3)(a) mandates objections must be filed within fourteen days of a magistrate's decision. The time limit for filing objections sub judice would have been July 4, 1998. Because said date was a legal holiday, the filing deadline became the next day of court which would have been Monday, July 6, 1998. The trial court properly noted the objections were untimely filed.
A review of appellant's objections establish they were based upon issues of fact. Appellant argued specific facts to dispute the hospital expenses. Pursuant to Civ.R. 53(E)(3)(b), "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." No transcript or affidavit was filed sub judice. The transcript in the file was filed after the notice of appeal was filed. Furthermore, given appellant filed his objections in an untimely manner, his appeal must fail under Civ.R. 53(E)(3)(b) wherein it states "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." In addition, we note appellant failed to properly serve his appellate brief upon appellee as required by App. R. 13 and App. R. 18.
Appellant's appeal is dismissed.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
----------------------
----------------------
 ---------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is dismissed.
----------------------
----------------------
 ---------------------- JUDGES